**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lino Alberto Chavez, | No. CV-19-05424-PHX-DLR |
| Petitioner, | |
| v. | **ORDER** |
| Charles L Ryan, et al., | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 14) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be conditionally granted and that Petitioner be ordered released, unless within 90 days of the Court's Order, Petitioner is permitted to file a new of-right Rule 33 Petition for Post-Conviction Relief ("PCR"), including the filing of either a merits brief by counsel or a substantive brief consistent with *Anders v. California,* 386 U.S. 738 (1967). The Magistrate Judge advised the parties that they had fourteen days from the date of service to file specific written objections with the Court. (Doc. 14 at 11.) Respondents filed an objection to the R&R on September 22, 2020 (Doc. 15), and Petitioner filed his response on October 21, 2020 (Doc. 18). The Court presided over oral argument on January 20, 2021 and ordered supplemental briefing. (Doc. 26.) Petitioner filed the requested supplement on February 3, 2021 and Respondents filed their response on February 10,

2021. (Docs. 28, 30.)

**I. Background**

On October 3, 2012, Petitioner pled guilty to second-degree murder (Doc. 1-2 at 6-9) and on January 18, 2013, was sentenced to 16 years imprisonment (*Id.* at 10-15). On March 28, 2013, Petitioner filed a timely notice of PCR. PCR Counsel was appointed. After reviewing the record, counsel filed a "Notice of Completion of Post-Conviction Review" wherein she stated that she was "unable to find any claims for relief to raise in post-conviction relief proceedings." (*Id.* at 24-25.) The Maricopa County Superior Court relieved counsel of her responsibility to represent Petitioner but ordered her to remain in an advisory capacity and to forward the complete file to Petitioner. (*Id.* at 28-29.) The superior court set a deadline for Petitioner to file his "Pro Per Petition." (*Id.*)

On August 7, 2014, Petitioner filed a *pro per* PCR. (*Id.* at 33-64.) The superior court denied it, finding that there was no showing of ineffective assistance of counsel and that nothing counsel could have done would have changed Petitioner's sentence. (*Id.* at 69-71.) Petitioner filed a petition for review with the Arizona Court of Appeals (*Id.* at 72-79), alleging, among other things, that the Court of Appeals "must review for fundamental error in considering petition for review from denial of postconviction relief by pleading defendant, but Court may deny petition by summary order after examining record if it finds no fundamental error." (*Id.* at 74.) The Court of Appeals granted review but denied relief, holding that "an of-right Rule 32 petitioner is not entitled to a review of the record by the superior court for arguable issues as required for direct appeals under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969)." (*Id.* at 208-219); *State v. Chavez,* 407 P. 3d 85 (Ariz. Ct. App. 2017). Petitioner's petition for review by the Arizona Supreme Court was denied. (Doc. 1-2 at 221.)

On October 17, 2019, Petitioner filed this federal habeas petition, alleging that his Sixth and Fourteenth Amendment rights were violated by the failure to provide *Anders* review of his of-right Rule 32 proceeding. (Doc. 1.) The R&R recommended that Petitioner be granted conditional relief, finding that the Arizona Court of Appeals decision

denying his PCR was an unreasonable application of clearly established law under *Anders*. (Doc. 14.)

## II. Discussion

The Arizona Court of Appeals found that "no *Anders*-type review is required in Rule 32 proceedings" and held that "the [Arizona] superior courts are not required to conduct *Anders* review in a Rule 32 of-right petition." *Chavez*, 407 P.3d at 89, 91. However, it is clearly established law that *Anders* applies to a defendant's first appeal as of right. *Pennsylvania v. Finely*, 481 U.S. 551, 554-55 (1987). Respondents conceded as much in their Response (Doc. 15 at 5) and confirmed that concession at the January 20, 2021 oral argument. The state court decision that no *Anders*-type review is required was an unreasonable application of clearly established law.

In their objection, Respondents do not argue that an *Anders* review is not required. Respondents instead argue that, even though it is required, the procedures provided to Petitioner were "at least as good as" those provided in *Anders*. Particularly, Respondents assert that the "Arizona procedures . . . reasonably ensured that [appeals of pleading defendants] would be resolved in a way related to the merits." (Doc. 15 at 5.)

In *Anders*, the Supreme Court protected the Sixth Amendment right to counsel in a first of-right appeal by laying out minimum procedures for allowing appellate counsel to withdraw when finding an appeal frivolous. First, *Anders* provided that counsel's withdrawal must be accompanied by "a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Second, the defendant is to be provided with counsel's brief and allowed time to raise the points he chooses. *Id.* Third, "the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.*

The Supreme Court has made clear that the Constitution does not compel procedures identical to those described in *Anders*. *Smith v. Robbins*, 528 U.S. 259, 264, 273 (2000). Instead, states are given leeway to create their own procedure, so long as the protections implemented are "at least as good as" those provided in *Anders*. *Id.* at 276 ("*Anders*

procedure is merely one method of satisfying the requirements of the Constitution for indigent criminal appeals. States may [] craft procedures that in terms of policy, are [] at least as good as, that in *Anders*.").

In support of their argument that Arizona's procedures were at least as good as those provided in *Anders,* Respondents list the applicable Arizona procedures. Those Arizona procedures, however, are nearly identical to the California procedures rejected in *Anders*. (Doc. 15 at 6.) The procedures which the *Anders* Court found inadequate, like here, provided for appointment of counsel, counsel's review of the record, counsel's withdrawal after concluding the appeal lacked merit and so advising the court, the petitioner's filing of a *pro se* brief and reply to the state's response, and the district court's consideration of and ruling on the appeal's merits. In finding the California procedure inadequate, the *Anders* Court stated, "California's procedure did not furnish petitioner with counsel acting in the role of an advocate nor did it provide that full consideration and resolution of the matter as is obtained when counsel is acting in that capacity." *Anders*, 386 U.S. at 743. Rather, "[t]he constitutional requirement of substantial equality and fair process can only be obtained *where counsel acts in the role of an active advocate in behalf of his client*, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity." *Id.* at 744 (emphasis added).[1]

Submission of a mere no-merit letter unaccompanied by an *Anders* brief and the appointment of PCR counsel to "remain in an advisory capacity" until a final disposition of the PCR proceedings (Doc. 1-2 at 28) are not procedures "at least as good as" *Anders*' prophylactic framework. The role of advisory counsel, as described by Respondents' counsel at oral argument, is not that of an active advocate on behalf of his client. Moreover, a one-tier system, like Arizona's, is inadequate because the trial judge "who

---

[1] Further, the Supreme Court underscored that the purpose of *Anders* procedures is to afford "that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid." *Anders*, 386 U.S. at 745.

- 4 -

understandably had little incentive to find any error warranting an appeal" also reviewed the PCR petition. *Robbins,* 528 U.S. at 281 (noting that at least two tiers of review are required). Because the procedure employed by Arizona is substantively no different than the procedure the Court rejected in *Anders*, the R&R was correct in its determination that the Arizona procedures were not "at least as good as" those provided in *Anders*. Respondents' main objection is overruled. The Court now addresses Respondents' alternate objections.

Respondents next object that the R&R should not have considered or mentioned Respondents' contrary positions taken in prior cases, arguing that the positions they took then should not bind them, here, and that they should not be estopped from making inconsistent arguments. The Court agrees. However, the recommendations made by the R&R are not based on a finding that the Respondents were estopped from changing positions. The R&R correctly based its recommendations on its analysis of whether the state court decision violated clearly established law. This objection is overruled.

Respondents also object to the R&R for faulting them for "fail[ing] to address the flaw identified by the Court in [*Pacheco v. Ryan,* No. CV-15-02264-PHX-DGC, 2016 WL 7402742 (D. Ariz. Dec. 22, 2016)] that no precedent cited by parties exempts pleading defendants from *Anders* review." (Doc. 15 at 7 (internal citations omitted)). Respondents argue that in referencing *Pacheco*, the R&R wrongly burdened them with citing precedent that affirmatively demonstrated that Petitioner was not entitled to an independent fundamental-error review, rather than requiring Petitioner to affirmatively prove entitlement. In addition, they contend that the R&R's reliance on *Pacheco*, which does not constitute clearly established precedent, was misplaced. While Respondents correctly note that *Pacheco* is not clearly established precedent, the R&R's decision was not dependent on it. Rather, the R&R relied on Supreme Court decisions, such as *Finley*, as clearly established law that mandates a framework "at least as good as" *Anders* for all defendants in a first appeal as of right. (Doc. 14 at 6-7.) Contrary to Respondents' arguments, the R&R's reference to *Pacheco* did not burden Respondents with affirmatively demonstrating

the absence of a constitutional violation.  Rather, by noting that *Pacheco* indicated that "[n]o precedent cited by the parties or found by this Court exempts pleading defendants from *Anders* review," the R&R expressed agreement with *Pacheco* that the "pleading defendant versus trial defendant" distinction does not exist.  Respondents' objection is overruled.

Finally, at oral argument, Respondents raised the argument of procedural default, contending that Petitioner had not raised these claims in state court. (Doc. 26.)  Having reviewed the supplemental briefing, the Court is persuaded that Petitioner's claims were properly presented to the Arizona Court of Appeals.  And, even if they were not properly raised, the Court rejects Respondents' procedural default argument because the Court of Appeals did not rely on any independent state procedural bar in denying him relief, and Respondents waived this defense by waiting until oral argument to raise it.  Accordingly,

**IT IS ORDERED** that Respondents' objection to R&R (Doc. 15) is **OVERRULED.**

**IT IS FURTHER ORDERED** that the R&R (Doc.14) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **CONDITIONALLY GRANTED.** Petitioner shall be released unless within 90 days of this Order, Petitioner is permitted to file a new of-right Rule 33 PCR proceeding, including the filing of either a merits brief by counsel or a substantive brief consistent with *Anders v. California,* 386 U.S. 738 (1967).

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because Petitioner is being afforded the relief requested.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment conditionally granting Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).

Dated this 25th day of February, 2021.

                                        Douglas L. Rayes
                                        United States District Judge